753 F.2d 687
 37 Fair Empl.Prac.Cas. 169,
36 Empl. Prac. Dec. P 34,968, 22 Ed. Law Rep. 1114
 Ethel Sawyer ADOLPHE, Appellant,
v.
ST. LOUIS COMMUNITY COLLEGE, John Roedel, Jr., Claude Brown,
Kenneth Carroll, Martin Corcoran, Donald Witte, and Michelle
Walter, as members of the Board of Trustees of St. Louis
Community College, Appellees.
 No. 84-1494.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 18, 1985.
Decided Jan. 30, 1985.
 
 Louis Gilden, St. Louis, Mo., for appellant.
 Timothy K. Kellett, St. Louis, Mo., for appellees.
 Before HEANEY and ROSS, Circuit Judges, and HARRIS,* District Judge.
 PER CURIAM.
 
 
 1
 Ethel Sawyer Adolphe appeals from an order of the district court[1] dismissing her race and sex discrimination claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1981. We affirm the judgment of the district court.
 
 
 2
 Adolphe, a black female was hired by the college as an assistant professor of sociology in 1971, was chairperson of the sociology department in 1974 and was promoted to the rank of associate professor of sociology in 1975. In 1978 she was appointed Associate Dean of the newly merged Business and Social Science Division at the Forest Park campus of the college.
 
 
 3
 Adolphe received one-year probationary contracts for the next three academic years: 1978-79; 1979-80; and 1980-81. In February 1981 Adolphe was advised that she would not be recommended for a deanship contract for the 1981-82 school year and that she was eligible to return to her teaching position in the sociology department. After some faculty expressed concern on Adolphe's behalf, the Dean of Instruction, Michael Schafer, rescinded his removal decision and later offered Adolphe another one-year probationary deanship contract for the 1981-82 school year. In the interim between the two administrative decisions Adolphe filed a grievance with the college and an EEOC complaint.
 
 
 4
 During March and April of 1981 Dean Schafer prepared written evaluations of Adolphe. Based on those evaluations Adolphe did not receive a salary increment but did receive a nonmerit adjustment. Then, when Adolphe requested and received sabbatical leave for the 1981-82 school year at half pay, a probationary contract for the 1982-83 academic year was offered to her. Adolphe later signed and accepted the probationary deanship contract for the 1982-83 school year but under protest.
 
 
 5
 Thereafter, Adolphe filed this action in district court claiming that the college violated Title VII and 42 U.S.C. Sec. 1981 by recommending that she transfer from the administrative position back to her teaching position; by not recommending her for a three-year deanship contract; by giving her an unfavorable evaluation; by issuing her a one-year probationary contract for the 1982-83 school year, and by denying her an increment in salary based upon Dean Schafer's 1981 evaluations. After a five-day bench trial, the district court held in favor of the college. The court determined that Adolphe sustained the initial burden of establishing a prima facie case of discrimination but that the college proved that it had legitimate and nondiscriminatory reasons for the employment decisions. Although the court did not expressly state that Adolphe failed to prove that these stated reasons were pretextual, the court specifically rejected Adolphe's arguments suggesting that the college's reasons were pretextual. In addition, the clear import of the court's conclusions of law and judgment is that Adolphe failed to meet the ultimate burden of proving that the college intentionally discriminated against her because of her race or sex. This appeal followed.
 
 
 6
 We have carefully studied the record in this case. Although there is some evidence that Adolphe may have been unfairly treated, there is not sufficient evidence to overrule the district court's factual finding that her treatment was not motivated by racial or gender-based discrimination. We may not set aside the district court's findings of fact unless they are clearly erroneous. FED.R.CIV.P. 52(a); Danzl v. North St. Paul-Maplewood-Oakdale Independent School District No. 622, 706 F.2d 813, 816 (8th Cir.1983). We find that the judgment of the district court is based upon findings of fact that are not clearly erroneous and that the district court is correct in its application of the law. In accordance with the rules of this court, we affirm the judgment of the district court. See 8th CIR.R. 14.
 
 
 
 *
 The Honorable OREN HARRIS, Senior Judge, United States District Court for the Eastern and Western Districts of Arkansas, sitting by designation
 
 
 [1]
 The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri, presiding by consent of the parties under 28 U.S.C. Sec. 636(c)(3)